1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11    DISHUNTA MALLOY,                    )    Case No. CV 11-3937 MMM (JCG)
                                          )
12                    Petitioner,         )
                                          )
13           v.                           )    **ORDER ACCEPTING FINDINGS,**
                                          )    **CONCLUSIONS AND**
14    L. S. McEWEN, Warden,               )    **RECOMMENDATIONS OF UNITED**
                                          )    **STATES MAGISTRATE JUDGE AND**
15                    Respondent.         )    **DENYING CERTIFICATE OF**
                                          )    **APPEALABILITY**
16                                        )
                                          )
17    _____     )

18

19           Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the

20    records herein, the Report and Recommendation of the U.S. Magistrate Judge,

21    Petitioner's Objections to the Report and Recommendation, his Request for a

22    Certificate of Appealability ("COA Request"), his supplemental "Attachment" to the

23    Objections, and a letter by Kimberly Wiley submitted by Petitioner.

24           In sum, Petitioner objects to the Magistrate Judge's finding that the Petition is

25    untimely per the one-year statute of limitations under the Antiterrorism and Effective

26    Death Penalty Act ("AEDPA"). Specifically, Petitioner advances three arguments:

27           (1) the limitations period did not start to accrue on one of his claims until

28    October of 2010;

1      (2) he is entitled to additional statutory tolling; and

2      (3) he is entitled to equitable tolling.

3          As explained below, none of these objections can save the Petition from its

4   untimeliness.

5      **I.      <u>Delayed Accrual</u>**

6          Petitioner first argues that the limitations period should not begin to accrue

7   until October 16, 2010 – the day he learned of a purportedly falsified police report.

8          By way of background, in ground two of the Petition, Petitioner contends that

9   Los Angeles Police Detective Blair McCormack falsified a report of an assault with

10  a deadly weapon (the "ADW Report") filed by Antwan Burnett.  Burnett was the

11  murder victim in Petitioner's case.  The ADW Report was apparently filed about a

12  week before Burnett's murder.  (Pet. at 5, attm.)

13         The report was not admitted in Petitioner's case, but Detective McCormack

14  was permitted to testify at Petitioner's trial that the description of the suspect in the

15  ADW Report matched the description of the suspect in the Burnett murder case.

16  *See People v. Malloy*, 2005 WL 2764570, at *1-*5 (Cal.App. Oct. 26, 2005).  The

17  testimony about the report was offered for the limited purpose of explaining what

18  led Detective McCormack to include Petitioner's photo in a six-pack lineup shown

19  to witnesses during the investigation of the Burnett murder case.  *Id.*

20         Petitioner contends that he began to suspect that Detective McCormack

21  falsified the ADW Report to implicate Petitioner after Petitioner's girlfriend told

22  him in April of 2009 that she had seen the detective in a "black and white."  This led

23  Petitioner to speculate that the detective possibly had been demoted in connection

24  with "malfeasance" in his case.  (COA Request at 3, 15.)  Petitioner then reviewed

25  his file and concluded that Detective McCormack's handwriting was on a post-it

26  note affixed to the ADW Report.  Petitioner retained an expert to perform a

27  handwriting analysis to confirm his suspicion.  (COA Request at 15-16.)  Ergo,

28  Petitioner now asserts that his claim concerning the falsification of the report should

2

1    not begin to accrue until on or about October 16, 2010, when he received the

2    handwriting expert's report.  (COA Request at 16.)

3        This argument is untenable.  Under 28 U.S.C. § 2244(d)(1)(D), accrual of

4    AEDPA statute of limitations does not begin until the date on which the "factual

5    predicate" of a habeas claim "could have been discovered through the exercise of

6    due diligence."  Where, however, a petitioner could have learned of the key facts

7    earlier had he exercised "reasonable care," delayed accrual is not warranted.  *See*

8    *King v. Trujillo*, 638 F.3d 726, 732 (9th Cir. 2011) (*per curiam*) (applying identical

9    language in 28 U.S.C. § 2244(b)(2)(B)(i)).

10        Here, delayed accrual is not warranted.  Foremost, the ADW Report was

11   discussed at Petitioner's trial and he had the report, along with other samples of

12   Detective McCormack's handwriting, in his file from the case.  (COA Request at 3.)

13   His somewhat fanciful explanation about how his conversation with his girlfriend

14   prompted his investigation does not explain why, with reasonable diligence, he

15   could not have discovered and investigated this claim earlier by simply reviewing

16   his file.  *See King*, 638 F.3d at 732 (finding petitioner did not exercise due diligence

17   in investigating claim that a tape used at his trial was not the original when he waited

18   years to inspect the tape).

19        In any event, even if this claim were timely, it would not merit habeas relief.[1/]

20   The fact that Detective McCormack may have taken notes and posted them on the

21   report while he was investigating Petitioner's case does not demonstrate that his

22   testimony at Petitioner's trial was false.  *See Hayes v. Ayers*, 632 F.3d 500, 520 (9th

23

24   _____

25        [1/]Delayed accrual under 28 U.S.C. § 2244(d)(1)(D) is determined on a claim-by-
     claim basis.  *Souliotes v. Evans*, 622 F.3d 1173, 1180 (9th Cir. 2010) (adopting the
26   reasoning of *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004)), *vacated on other
     grounds*, __ F.3d __, 2011 WL 3606632 (9th Cir. Aug 17, 2011).  Accordingly, even
27   if accrual were delayed for this meritless claim, it would not affect the timeliness of
     Petitioner's other claims.  *Id.*
28

1 Cir. 2011) (to succeed on a due process claim based on presentation of false
2 testimony, a defendant must show, *inter alia*, that the testimony presented by the
3 prosecution was actually false).

4 **II.   Statutory Tolling**

5 Petitioner next objects to the Magistrate Judge's statutory tolling analysis.
6 Petitioner contends that his *two* sets of state habeas petitions should be functionally
7 considered *one* round of collateral review and, as such, he should receive statutory
8 tolling during the entire period his state habeas petitions were pending.  (Objs. at 2.)
9 Again, this argument, even if accepted as true, bears no fruit for Petitioner.  Because,
10 if all his state petitions were part of one full round, the Petition remains untimely.

11 As explained on page seven (7) of the Report and Recommendation, at the
12 time Petitioner submitted his first state habeas petition on December 15, 2006, *he*
13 *had only 110 days remaining* to file a timely federal petition.  He receives no
14 statutory tolling during the period his petitions to the California Supreme Court were
15 pending because those petitions were denied as untimely.  *See Pace v. Diguglielmo*,
16 544 U.S. 408, 417 (2005); *Thorson v. Palmer*, 479 F. 3d 643, 645 (9th Cir. 2007).
17 As a result, the maximum statutory tolling Petitioner could receive would be from
18 December 15, 2006 until May 4, 2010, the date his last petition to the California
19 Court of Appeal was denied.   In other words, to satisfy the federal filing deadline,
20 he would have had to file a federal petition no later than 110 days after May 4, 2010.
21 He did not sign the federal Petition until April 27, 2011, almost one year (358 days)
22 later.  Hence, even under Petitioner's proposed scenario, statutory tolling does not
23 save the Petition from its tardiness.

24 **III.   Equitable Tolling**

25 Finally, Petitioner's arguments fail to justify equitable tolling in this case.  His
26 conclusory assertion of diligence (Objs. at 3) is insufficient to entitle him to
27 equitable tolling.  *See Pace*, 544 U.S. at 418 (a litigant seeking equitable tolling has
28 the burden of showing he acted diligently and that extraordinary circumstances

1    prevented him from filing on time).

2        His vague claims concerning the state court's inadequate response to his

3    request for free copies of "habeas transcripts" (Objs. at 2, COA  Request at 1-2) also

4    afford him no relief on this record.  Because, Petitioner does not explain, as he must,

5    why he needed those transcripts to assert any of the claims in the Petition.  *See*

6    *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (allegations that petitioner

7    lacked access to his legal files insufficient to justify equitable tolling, where

8    petitioner did not point to specific instances where he needed a particular document

9    that he could not procure).

10       Petitioner's delayed investigation into Detective McCormack's handwriting

11   on the ADW Report also does not entitle him to equitable tolling.  (*See* COA

12   Request at 15-16.)  To reiterate, Petitioner had the report in his files from his trial.

13   Simply put, nothing prevented Petitioner from reviewing those files earlier and

14   conducting his investigation in a more punctual manner.  In any event again, even if

15   Petitioner were to receive tolling until October 16, 2010, when he concluded his

16   investigation of handwriting on the ADW Report (COA Request at 16), his Petition

17   would still be untimely.  The Petition was signed on April 27, 2011, *191 days* after

18   October 16, 2010; Petitioner had only *110 days* to file a timely federal petition.

19       In the end, having made a *de novo* determination of the portions of the Report

20   and Recommendation to which the Objections were directed, the Court accepts the

21   findings and conclusions of the Magistrate Judge's Report and Recommendation.

22   Accordingly, IT IS ORDERED THAT:

23       1.    Judgment shall be entered dismissing the action with prejudice.

24       2.    The Clerk shall serve copies of this Order and the Judgment herein on

25   the parties.

26       3.    Petitioner's request for a Certificate of Appealability is DENIED

27

28

1  because he has not shown "that jurists of reason would find it debatable whether the

2  district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

3  478 (2000).

4

5  DATED:  November 9, 2011

6  HON. MARGARET M. MORROW
   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28